**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SEAN J. LEVIN,

       Applicant,

vs.                                                                 Civil No. 11-204 JH/RHS

ANTHONY ROMERO, Warden,

       Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on consideration of Petitioner Sean J. Levin's Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254, filed March 3, 2011. [Doc. 1.]  Petitioner challenges his convictions pursuant to a plea of no contest before the Second Judicial District Court, County of Bernalillo in Cause Nos. Cr-2008-925, Cr 2009-3297, and Cr 2009-3524.  Id.  Respondent filed his answer on May 18, 2009. [Doc. 11.]  After a careful review of Petitioner's arguments and the state court record proper submitted for judicial review, it is recommended that the petition be denied as without merit and that this case be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

On February 29, 2008, Petitioner was indicted by the grand jury on six counts: (1) armed robbery, (2) attempt to commit a felony, (3) two counts of aggravated assault, and (4) two counts of false imprisonment. [Cr. 08-925, Record Proper (RP) 1- 2.]  On July 22, 2009, Petitioner was charged with commercial burglary and larceny. [Cr. 09-3524, RP 1.]  On March 13, 2009, Petitioner entered into a Repeat Offender Plea and Disposition Agreement in Cause No. 2008-

925. [Cr. 08-925, RP 89 - 94.]  On March 27, 2009, Petitioner entered his no contest plea to armed robbery contrary to § 30-16-2 and § 31-18-16, NMSA 1978. [Cr. 08-925, RP 0095.]  The state court conducted a thorough plea colloquy advising Petitioner of the consequences of his plea. [March 27, 2009 Plea Hearing Transcript (PH TR) 5:4-5; 6:1-6; 9:2-5.]  The state court made a finding that Petitioner was "aware of his rights, has made a knowing, intelligent and voluntary waiver of those rights." [PH TR 9.]

On June 11, 2009, the state court entered the Judgment and Commitment for Diagnostic Evaluation ("Judgment") ordering that Petitioner undergo a 60-day diagnostic evaluation. [Cr. 08-925, RP 97-98.]  The evaluation report ordered by the state court "was completed on August 06, 2009 and forwarded to the Court." [Cr. 08-925 RP 196.]  The state court "reviewed the report shortly after it was received in the office and again before sentencing on September 30, 2009." [Cr. 08-925, RP 196.]

On June 4, 2009, between the March 27, 2009 plea hearing and the entry of the Judgment, Petitioner was arrested again for commercial burglary and larceny. [Cr. 08-925, RP 104-05.]  Then on September 30, 2009, Petitioner entered into a revised Repeat Offender Plea and Disposition Agreement ("Revised Plea Agreement") which voided the original plea agreement, proposed new terms for the three pending criminal cases[1] (Cr. 08-925, Cr. 09-3297, and Cr. 09-3524), and provided for an enhancement of sentence for being a habitual offender. [Cr. 08-925, RP 115-121.]  That same date, the state court conducted a hearing to take Petitioner's no contest plea in accordance with the Revised Plea Agreement and to sentence the Petitioner. [September 30, 2009 Plea and Sentencing Hearing Transcript (SH TR) 1-19.]  The state court sentenced the

---

[1] The three criminal cases were consolidated for plea and sentencing purposes. [Cr. 08-925, RP 125.]

Petitioner as follows:

> (1) Cr. 08-925: Petitioner was sentenced to nine (9) years "plus one (1) year for the Firearm Enhancement" and "one (1) year under the Habitual Offender Act, for a basic sentence of eleven (11) years."
> (2) Cr. 09- 3524: Petitioner was sentenced to eighteen (18) months and "enhanced by a term one (1) year under the Habitual Offender Act, for a basic sentence of two and one-half (2 ½) years."
> (3) Cr. 09-3297: Petitioner was sentenced to eighteen (18) months and "enhanced by a term of four (4) years under the Habitual Offender Act, for a basic sentence of five and one-half (5 ½) years."

[Cr. 08-925, RP 128.]

The state court ordered all of the sentences to be served concurrently, and then suspended seven (7) years of the basic term, "for an actual imprisonment of four (4) years." Id.  Petitioner further received credit for "206 days pre-sentence confinement." [Cr. 08-925, RP 129.]  Judgment was entered October 15, 2009. [Cr. 08-925, RP 126.]

On December 3, 2010, Petitioner filed a petition for writ of habeas corpus in the Second Judicial District Court. [Cr. 08-925, RP 157-165]  On January 25, 2011, the state court denied relief and dismissed the petition. [Cr. 08-925, RP 195-197.]  On February 4, 2011, Petitioner then filed a petition for writ of certiorari which the New Mexico Supreme Court denied on February 16, 2011. [Doc. 11-2, Exs. T & W.]

On March 3, 2011 Petitioner filed his federal Petition for Writ of Habeas Corpus by a Person in State Custody. [Doc. 1.]

## LEGAL STANDARD AND ANALYSIS

Petitioner's § 2254 petition raises six grounds for relief, which are the identical issues he raised in the state habeas proceeding.  Petitioner seeks habeas relief claiming that he was denied due process and effective assistance of counsel in entering into his plea and in the sentencing process in the state court proceeding.

The statute requires the Petitioner to show that he "is in state custody in violation of the Constitution or laws or treaties of the United States." § 2254(a).  Petitioner must also show that he "has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A).  The state conceded that Petitioner has satisfied this requirement. [Doc. 11 at 10.]

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004).  Under AEDPA, the Court cannot grant habeas relief pursuant to 28 U.S.C. § 2254(d), unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1) - (2).  State court decisions must be given the benefit of the doubt.  Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011) (citing Renico v. Lett, __ U.S. __, 130 S. Ct. 1855, 1862 (2010)).  AEDPA increased the deference federal courts must show state court's factual findings and legal determinations. Houchin v. Zavara, 107 F.3d 1465, 1470 (10th Cir. 1997).  The Court must presume the factual findings made by the state court are correct and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

## I.
## CLAIMS FOR INEFFECTIVE ASSISTANCE COUNSEL

The crux of Petitioner's claims in Claims 1, 3, 4, 5 and 6 is ineffective assistance of counsel.

Claim 1: Unlawfully Induced Or Involuntary Plea

In Claim 1, Petitioner makes two distinct claims.  First, that his plea was unlawfully induced because his counsel was ineffective.  Second, that his plea was involuntary because of Petitioner's history of alcohol and narcotic use and that records exist that would have shown that he "was taking psycho tropic medication, suffering from serious psychiatric problems and had a history of mental illness." [Doc. 1.]

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance.  Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).  In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness.  The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance." Id.  There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  Strickland, 466 U.S. at 688.  "Conclusory allegations are insufficient to support an ineffective assistance of counsel claim."  U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).  In the context of a § 2254 petition, the deference standard is elevated even higher.  Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011).  "[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, "[w]e defer to the state court's determination that counsel's performance was

not deficient, and further, defer to the attorney's decision in how to best represent a client." Id. (citing Crawley v. Dinwiddie, 584 F.3d 916, 922 (10th Cir.2009), cert. denied, ____ U.S. ____, 130 S.Ct. 3357, 176 L.Ed.2d 1249 (2010)).

Finding prejudice under the second Strickland prong requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In the context of asserting ineffective assistance of counsel for a plea agreement, Petitioner is required to show that "counsel's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." U.S. v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (*citing* Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order. Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (*citing* Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005). The Court need not address both components if the petitioner fails to make sufficient showing of either. Id.

Petitioner appears to assert that his counsel was not competent in handling his case or advising him of the consequences of pleading "no contest." Petitioner's contention that he would not have entered into the plea agreement had he received competent assistance of counsel is not credible because he received a lenient sentence. The state court determined that petitioner's claim for ineffective assistance of counsel had no merit. [RP 196.] The state court record reflects that had Petitioner proceeded to trial and been convicted, he faced a sentence of eleven years incarceration in Cause No. 08-925. [SH 9-11.] The state court record further

reflects that Petitioner was subject to enhancements for use of a firearm and for being a habitual offender because of the multiple felony charges in the three criminal proceedings. Id. This Court further considers that the additional offenses Petitioner was charged with subsequent to the initial plea agreement would have increased the Petitioner's sentence if he went to trial and was convicted. Id. Also considering the fact that Petitioner only received a four-year sentence for all of the offenses, this Court is convinced that defense counsel was able to negotiate the best deal possible for Petitioner in light of the pending charges. Petitioner's conclusory statements that counsel was ineffective are not supported by evidence of deficient performance or prejudice to Petitioner's defense.

Petitioner's claim that his no "contest plea" was involuntary is equally unpersuasive. Petitioner signed the Revised Plea Agreement in which stated he was pleading no contest to the offenses he was charged with in Cr. 08-925, Cr. 09-3297 and Cr. 09-3524. [Cr. 2008-925, RP 115-121.] In the colloquy at the plea and sentencing hearing conducted on September 30, 2009, the state judge went through each of Petitioner's offenses and explained the potential maximum sentences. [SH TR 9-12.] The state judge further explained to Petitioner all of the rights he was waiving by entering into the Revised Plea Agreement. [SH TR 13-15.] Petitioner testified he was making a knowing and voluntary choice to waive his rights [SH TR 14:5-8.] He further testified that he understood the consequences of entering into the plea and that he wished to enter into the "no contest" plea. [SH TR 14: 9-18.] The state court record supports a finding that the state judge confirmed that Petitioner knowingly and voluntarily entered into the Revised Plea Agreement before accepting Petitioner's plea. [SH TR 14-15.]

A guilty plea admits all elements of the charge, acknowledges a factual basis for the plea, and waives all non-jurisdictional defects. United States v. Riles, 928 F.2d 339, 342 (10th Cir.

1991).  A guilty plea inherently "forecloses collateral attack" of the conviction.  United States v. Broce, 488 U.S. 563, 569 (1989) ("a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful sentence.") The test "for determining the validity of a guilty plea [or plea of no contest] is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant'."  Tovar Mendoza v. Hatch, 620 F.3d 1261, 1269 (10th Cir. 2010) (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).  A federal court will "uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and consequences of the charges against him and that the defendant voluntarily chose to plead guilty."  Miles v. Dorsey, 61 F.3d 1459, 1466 (10th Cir. 1995) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)).

      Therefore, this Court finds that Petitioner understood the nature and consequences of the charges against him and voluntarily chose to enter into a plea.  For all these reasons, Petitioner is not entitled to relief under Claim 1.

      Claim 3: Counsel Failed To Present Psychiatric History

      In Claim 3, Petitioner claims that he is entitled to habeas relief for ineffective assistance of counsel because defense counsel failed to present his "psychiatric history in adequate detail" to the state court at the plea hearing on March 13, 2009 and at the plea and sentencing hearing on September 30, 2009. [Doc. 1.]  Petitioner asserted this same claim in the state habeas proceeding. While the state court record proper does not contain the diagnostic evaluation that was ordered by the state court, the Order On Petition For Writ of Habeas Corpus ("Order") (RP 195-196) denying the state habeas petition reflects that the state court reviewed the evaluation before the

plea and sentencing hearing on September 30, 2009. [Cr. 08-925, RP 196.] The state court made a specific finding that "[t]he Court reviewed the report shortly after it was received in the office and again before sentencing." Id. The state court made a further finding that "[t]he Court would have rejected the plea agreement if there was evidence that the Petitioner was not competent to enter a plea. There was not such evidence in the evaluation." Id. Petitioner has not demonstrated what facts in the state court record contradict the findings of the state court. In fact, at the plea and sentencing hearing, Petitioner testified that he is "stabilized on my medication." [SH 16:2-3.] Petitioner fails to demonstrate how his counsel's alleged failure to present the "psychiatric history" fell below an objective standard of reasonableness or that this performance prejudiced his case. Therefore, the Court finds that Petitioner's claim should be denied.

### Claim 4: Counsel Failed To File Motion To Remove Prosecutor

In Claim 4, Petitioner argues that his counsel should have filed a motion to remove the prosecutor from his case. Petitioner claims that prosecutor was prejudiced against him because in an earlier case where Petitioner testified as a witness on behalf of the defendant, the prosecutor was "extremely rude and contentious." [Doc. 1.] He further claims that because of this prejudice, the prosecutor "personally requested the case," filed "two different cause numbers for a single event" and filed charges against Petitioner for "an event nine months after they occurred." [Doc. 1.] Petitioner argues that all these actions were "trickery and grossly inappropriate conduct" Id.

"Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of is so egregious as to render the entire proceedings against the defendant fundamentally unfair." Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999). In

considering Petitioner's claims, the state court did not find any inappropriate conduct regarding the prosecutor's demeanor in a previous proceeding where Petitioner was a witness being cross examined. [RP 196]  The state court further determined that Petitioner "did not have a right to a prosecutor that had no previous knowledge of Petitioner." [RP 196.]   Petitioner does not demonstrate how the prosecutor was deceptive or otherwise inappropriate.  Petitioner does not establish that the prosecutor suffered a conflict of interest or his conduct was so egregious that his case was prejudiced to the extent that there was a constitutional violation.  Nothing in the state court record suggests that the prosecutor requested Petitioner's cases, or that there were two different cause numbers assigned to a single offense.  The state court record reflects that Petitioner was charged with a number offenses over a period of time, some which were committed while Petitioner awaited sentencing under the initial plea agreement.  It appears that all of the cases were consolidated to facilitate resolution by one plea agreement.  This Court finds that the state court record does not support Petitioner's allegations of misconduct nor can he demonstrate that a motion to recuse the prosecutor would have been non-frivolous.

The Court has already set forth the standards for demonstrating ineffective assistance of counsel.  In considering whether counsel's performance was ineffective, this Court must also give deference to the state court's factual findings and legal determinations  made when  this claim was denied in the state habeas proceeding.  Petitioner has not shown that his counsel's performance regarding the prosecutor either fell below an objective standard of reasonableness nor that the failure to file a motion to recuse the prosecutor prejudiced his case.  For these reasons, the Court denies Petitioner's claim in Claim 4.

<u>Claim 5: Counsel Failed to Afford Petitioner Of The Right of Allocution</u>

In Claim 5, Petitioner claims that his counsel was ineffective for failing to afford him the

right of allocution. Petitioner contends that "he informed his attorney of his desire to speak to the Judge at his final sentencing hearing" and she would not let him. [Doc 1.] Allocution by definition is "[a]n unsworn statement from a convicted defendant to the sentencing judge . . . in which the defendant can ask for mercy, explain his or her conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence." Black's Law Dictionary 75 (9th ed. 2009.) The state court record confirms that at the plea and sentencing hearing conducted September 30, 2009, the state court informed Petitioner that "[y]ou're not required to talk to me. I don't hold it against people who choose to rely on their attorney and not talk to me." [SH TR 15:23-25.] Petitioner did make statements at the plea and sentencing hearing and therefore acknowledged and exercised his right to speak in allocution. [SH TR 7-9; 16-17.] Petitioner stated that "I'd rather do this time and come out and be as clean as possible and return to my wife and family and children and get back to life again." [SH RP 9:10-12.] He also testified that he "had a very difficult and bad four-year spin" and that he "would ask just for the Court's leniency in terms of the probation and parole that you would apply to my case." [SH TR 16:16, 25, 17:1.]

Even if Petitioner was not allowed to address the state court, "[a] trial court's failure to afford a defendant the right of allocution raises neither a jurisdictional nor a constitutional error cognizable in habeas." Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir 1995). "[N]o violation of a petitioner's Eighth Amendment or due process or equal protection rights occurs when the trial court does not consider mitigating factors during sentencing in a noncapital case." Id. In denying this claim in the state habeas proceeding, the state court concluded that the court "informed the Petitioner that Petitioner had the right to make a statement but was not required to do so and that the Court would not hold Petitioner's silence against him, if Petitioner chose to

waive allocution." [RP 196.]  This Court finds that Petitioner is not entitled to relief on his claim asserted in Claim 5 because the law does not recognize the claim and even if the claim was cognizable, the facts clearly demonstrate that Petitioner was able to allocute.

       Claim 6: Cumulative Errors By Counsel

In Claim 6, Petitioner claims that his counsel made cumulative errors demonstrating that counsel was ineffective. [Doc. 1.]  The state court in considering the identical claim in the state habeas proceeding, made a finding that "[t]here being no individual error, there can be no cumulative [e]ffect or error." [RP 196.]  This Court agrees that Petitioner fails to demonstrate that there were any individual errors, harmless or otherwise, that taken together would create cumulative error.  Therefore, the Court finds that Petitioner is not entitled to relief on Claim 6.

## II.
## CLAIMS OF DOUBLE JEOPARDY

In Claim 2, Petitioner argues that his conviction violated double jeopardy as a matter of law because he was charged twice for the same conduct. [Doc 1.]  Petitioner contends that "commercial burglary and felony larceny (over $500 under $2500)" constitute one offense for double jeopardy purposes. [Doc 1.] He specifically refers to his conviction for the stolen bicycle from the University Health Sciences Building. [Doc. 1.]

"The double jeopardy clause prohibits both successive prosecutions for the same offense and multiple punishments for a single offense." Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995) (citing United States v. Dixon, 509 U.S. 688, 695-96 (1993)). "In a habeas proceeding under Section 2254, federal courts should defer to the state court's interpretation of state law when determining whether a defendant's conduct constitutes a single criminal offense or separate criminal offenses for double jeopardy purposes." Mansfield v. Champion, 992 F.2d 1098, 1100 (10th Cir. 1993) (citing Brecheisen v. Mondragon, 833 F.2d 238, 240 (10th Cir.1987), cert.

denied, 485 U.S. 1011, 108 S.Ct. 1479, 99 L.Ed.2d 707 (1988)); See also, Lucero v. Kerby, 133 F.3d 1299, 1316 (10th Cir 1998) (same).

In the state habeas proceeding, the state court made a specific conclusion of law that there was no double jeopardy because the "crime of commercial burglary is a separate crime from larceny." [RP 195.] The state court made further conclusions of law that "[c]ommercial burglary is completed when entry is made with the criminal intent, regardless whether or not there is a theft. Larceny is distinct from commercial burglary. It is any theft regardless of location." Id.

This Court considers the applicable state statutes which provide in pertinent part: (1) "[b]urglary consists of the unauthorized entry . . . with the intent to commit any felony or theft therein" § 30-16-3, NMSA 1978, and (2) "[l]arceny consists of the stealing of anything of value that belongs to another." § 30-16-1, NMSA, 1978. New Mexico case law has held that a defendant can be convicted of both burglary and larceny because the elements of these crimes are not the same. State v. Deats, 82 N.M. 711, 715, 487 P.2d 139, 140 (NM App. 1971); State v. McAfee, 78 N.M. 108, 111, 428 P.2d 647, 650 (1967). This Court agrees with the state court's conclusions of law in the state habeas proceeding. Therefore, Petitioner cannot set forth any facts that would demonstrate that his conviction was contrary to or involved an unreasonable application of federal law, or unreasonable determination of facts in light of the evidence presented in the state court proceeding resulting in double jeopardy.

### III.
### REQUEST FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing. [Doc. 1 at 16.] "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." Schriro v. Landrigan, 550 U.S. 465, 474 (2007). "The purpose of an evidentiary hearing is to resolve

conflicting evidence." Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010) (citing Anderson v. Attorney General of Kansas, 425 F.3d 853, 860 (10th Cir. 2005)). Petitioner has not demonstrated that any conflicting evidence exists.

The claims asserted by Petitioner were denied on the merits in state court therefore, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). In light of the state court record and relevant authorities, an evidentiary hearing is not required nor would a hearing materially assist in recommending a disposition.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2254 motion. Therefore, the Court recommends that Petitioner's motion [Doc. 1.] be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE